IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cv-00240-M

| | |
|---|---|
| TOTAL MERCHANT SERVICES, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TMS NC, INC., and CHRISTOPHER )<br>COLLINS, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on Plaintiff's Motion to Remand For Lack of Subject Matter Jurisdiction. [DE 16]. Plaintiff contends that Defendant fails to satisfy either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. The Defendants counter that this action includes a federal claim, therefore this court has jurisdiction. For the reasons that follow, Plaintiff's motion to remand is granted.

I.  **Background**

A.  Statement of Factual Allegations[1]

Plaintiff Total Merchant Services, LLC ("TMS"), is a limited liability corporation organized under the laws of Delaware with is principal place of business in Troy, Michigan. [DE 1-1 (Compl. at ¶ 7)]. One member of TMS is a North Carolina resident, rendering it a citizen

---

[1] On a motion to remand, "federal courts consider the facts disclosed on the record as a whole." *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 721 n.1 (D. Md. 2017) (quoting *Capitol Cake Co. v. Lloyd's Underwriters*, 453 F. Supp. 1156, 1160 n.5 (D. Md. 1978)); *see also* Charles Alan Wright & Arthur R. Miller, 14C Fed. Prac. & Proc. Juris. § 3734 (4th ed. 2021).

of North Carolina. [DE 16-9]. Defendants are TMS NC, Inc. ("TMS-NC"), a North Carolina corporation with its principal place of business in Raleigh, North Carolina, and Christopher Collins, an officer and owner of TMS-NC. [DE 1-1 (Compl. at ¶¶ 8–9)]. TMS markets and sells payment-card processing services and programs through a nation-wide network of independent sales representatives. *Id.* at ¶ 1. TMS-NC is one of those sales representatives. *Id.* As such, it contracted to market and sell TMS's payment-card processing services and programs. *Id.* at ¶ 2.

In 2018, TMS-NC entered an "exclusivity agreement" with TMS. In exchange for higher payments, TMS-NC agreed to market only TMS services and programs. *Id.* at ¶¶ 25–32. In January 2021, TMS alleges that it uncovered evidence that TMS-NC was breaking its exclusivity agreement. *Id.* at ¶¶ 4, 33–36. In response, TMS invoked its contractual right to inspect TMS-NC's books, accounts, records, and files. *Id.* at ¶¶ 5, 35. TMS-NC refused without explanation. *Id.* at ¶¶ 6, 36.

B. Procedural History

On April 28, 2021, TMS sued TMS-NC in Wake County Superior Court to enforce its agreement and inspection rights. [DE 1-1]. TMS's lawsuit asserts only state-law claims: breach of contract (Counts I & II), indemnification (Count III), and declaratory and injunctive relief (Counts IV & V). TMS also filed a preliminary-injunction motion, which was scheduled for a hearing on June 28, 2021. [DE 16-6].

TMS conditionally designated the case a "business case" pursuant to N.C. Gen. Stat. § 7A-45.4(a)(9), but Defendants objected to the designation. [DE 16-3, DE 16-8 at 2]. Defendants based their objection on an intent to remove the case to federal court. [DE 16-8 at 2]. TMS responded that the case was non-removable, citing an absence of diversity among the parties and

2

a violation of the forum-defendant rule. [DE 16-9, DE 16-10, DE 16-11]. Nevertheless, Defendants persisted in removing the case to federal court.

## II. Legal Standard

Removal is a means of bringing a case filed in state court within a federal court's original jurisdiction. 28 U.S.C. § 1441(a); *Removal, Black's Law Dictionary* (11th ed. 2019) ("The transfer of an action from state to federal court."). Since the Judiciary Act of 1789 (ch. 20, § 12, 1 Stat. 73, 79–80), Congress has provided for the removal of cases from state to federal court. The scope of federal removal jurisdiction was expanded in the wake of the Civil War; and today, the general removal statute states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Per the text, an action is removable only if it originally might have been brought in federal court. *See Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (explaining that when "our jurisdiction depends on the propriety of removal" it "depends on the scope of the district court's original jurisdiction" because "the removal statute allows defendants to remove a case to federal court only if 'the district courts of the United States have original jurisdiction' over it.").

Thus, a party seeking to remove a case to federal court must satisfy either federal question or diversity-of-citizenship jurisdiction. 28 U.S.C. § 1441(b)(2), (c)(1); *see also Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) ("Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter."). The removing party bears the burden of proving federal jurisdiction. *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) ("The party

3

seeking removal bears the burden of demonstrating that removal jurisdiction is proper."). Federal courts strictly construe the removal statute and resolve doubts in favor of remand. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018) ("Doubts about the propriety of removal should be resolved in favor of remanding the case to state court and in doing so, removal statutes must be strictly construed."). In removal cases, federal courts apply the ordinary principles of federal question and diversity jurisdiction, *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("[W]e conclude that it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint."), with one exception relevant here: removal in a diversity case is barred if any defendant is from the forum state. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Defendants have failed to prove federal jurisdiction. First, counterclaims cannot form the basis of federal question jurisdiction, and RICO claims are subject to the concurrent jurisdiction of state courts. *See infra* III.A. Second, the parties are all North Carolina citizens; therefore, there is no diversity between the parties, and Defendants are both North Carolina citizens in violation of the forum-defendant rule. *See infra* III.B.

**III. Analysis**

A. <u>Federal Question Jurisdiction</u>

Article III of the United States Constitution states: "The judicial Power shall extend to all Cases, in Law and Equity, *arising under* this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. Const. art. III, § 2, cl. 1

4

(emphasis added). Since the Founding, the Supreme Court has interpreted this constitutional grant of federal jurisdiction broadly. In *Osborn v. Bank of United States*, Chief Justice John Marshall writing for the Court stated "that when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it." 22 U.S. 738, 823 (1824). The Supreme Court has reaffirmed this interpretation of federal jurisdiction to the present day. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 385 (2016) ("This Court has long read the words 'arising under' in Article III to extend quite broadly, 'to all cases in which a federal question is "an ingredient" of the action.'" (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807 (1986)).

Under this constitutional authority, Congress has conveyed federal question jurisdiction to the federal district courts. Title 28, United States Code, Section 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has interpreted this statutory grant of federal jurisdiction more narrowly than the constitutional grant. "Under the longstanding well-pleaded complaint rule," the Court has explained that a suit only "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). This well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Importantly, a counterclaim cannot form the basis of federal question jurisdiction. *Vaden*, 556 U.S. at 60 ("Without dissent, the Court held in *Holmes Group* that a federal counterclaim, even when

5

compulsory, does not establish 'arising under' jurisdiction.") (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–832 (2002)); *see also In re Blackwater*, 460 F.3d at 584 ("In other words, a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331.").

Nevertheless, Defendants argue that their counterclaims and third-party claims create federal jurisdiction. [DE 29 at 2 ("Defendant TMSNC's Counterclaims and Third-Party claims have brought into this action, claims 'arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)' thereby making removal proper pursuant to 28 U.S.C. §§ 1441(a) and 1331.")]. Defendant's argument that the Complaint's failure to raise a question of federal law on its face is merely "a procedural defect [that] existed at the time of filing" but is now "cured by Defendant TMSNC's subsequent filing of federal counterclaims and third-party claims," [DE 29 at 4], is rejected. Counterclaims and third-party claims cannot form the basis of federal jurisdiction for purposes of removal. *See, e.g., Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008) ("Counterclaims, cross-claims, and third-party claims cannot be the basis for removal [under § 1441(a)]") (quoting *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002)).

In addition, Defendants argue that their counterclaim arising under 18 U.S.C. § 1961 *et seq.* (the Racketeer Influenced and Corrupt Organizations Act or "RICO") must be removable because "[f]ederal law grants exclusive jurisdiction to hear and adjudicate civil claims brought under 18 U.S.C. § 1964 to the Federal District Courts." [DE 29 at 5]. Once again, Supreme Court precedent squarely forecloses Defendant's argument. In *Tafflin v. Levitt*, the Supreme Court held "that state courts have concurrent jurisdiction to consider civil claims arising under RICO." 493 U.S. 455, 467 (1990). Directly interpreting RICO's text, the Court found that the "grant of federal

6

Case 5:21-cv-00240-M   Document 32   Filed 12/16/21   Page 6 of 11

jurisdiction is plainly permissive, not mandatory." *Id.* at 460. The statute "provides that suits of the kind described 'may' be brought in the federal district courts, not that they must be." *Id.* at 460–61 (quoting *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 506 (1962)). Defendants cite no caselaw to support their position or to distinguish *Tafflin*. Thus, their RICO counterclaim cannot form the basis of federal jurisdiction; instead, the state court may decide the claim.

B. Federal Diversity Jurisdiction

Article III of the United States Constitution states: "The judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2, cl. 1. Since the Founding, the Supreme Court has understood this text "to mean that each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued, in the federal courts." *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806) (Marshall, C.J.). This remains the rule in federal courts. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("For instance, we have consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). This rule of complete diversity requires every defendant in a suit to be diverse from every plaintiff. *See id.* In addition, in removal cases, the forum-defendant rule prohibits removal if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Moreover, for a party to successfully invoke a federal court's diversity jurisdiction, the amount in controversy must exceed $75,000. *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

First, the court must determine the citizenship of each party. The plaintiff here, TMS, is a limited liability corporation. [DE 1-1 (Compl. at ¶ 7)]. For purposes of diversity jurisdiction, a

limited liability corporation's citizenship is "determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see also Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (explaining a limited liability company "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members."). A member of TMS's ownership structure is a citizen of North Carolina. [DE 16-9 ("Total Merchant Services, LLC, is deemed to be a citizen of North Carolina for purposes of diversity jurisdiction. It has a member in its ownership structure that is a resident of North Carolina.")]. Therefore, TMS is a citizen of North Carolina. Defendant TMS-NC is a North Carolina corporation with its principal place of business in Raleigh, North Carolina. [DE 1-1 (Compl. at ¶ 8)]. Therefore, TMS-NC is deemed a citizen of North Carolina for purposes of diversity jurisdiction. *Cent. W. Va. Energy Co.*, 636 F.3d at 102 ("For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business."). Finally, Defendant Christopher Collins is an officer and owner of TMS-NC and he is domiciled in North Carolina. [DE 31]. Therefore, he is a citizen of North Carolina. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) ("To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State.") (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)).

This suit does not satisfy the requirements of diversity jurisdiction. First, the parties are not diverse. All parties are citizens of North Carolina. Second, both TMS-NC and Christopher Collins are in-state defendants—citizens of North Carolina. A suit cannot be removed if any defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Because both Defendants violate the forum-defendant rule, diversity of citizenship cannot form the basis of federal jurisdiction in this case.

Defendants do not respond to the lack of complete diversity and their only response to the forum-defendant rule is to argue that because their "removal is not based solely on diversity jurisdiction under § 1332(a), the 'forum defendant' rule is not a bar to the removal of this action." [DE 29 at 5]. Having dispensed with federal question jurisdiction, *supra* § III.A., this action would be "removable solely on the basis of" diversity of citizenship. 28 U.S.C. § 1441(b)(2). As a result, removal here is barred by the complete diversity rule and by the forum-defendant rule.

C. Attorney's Fees and Costs

On remand for lack of subject-matter jurisdiction, a removing party can be ordered to pay "just costs and any actual expenses" incurred because of the removal. Federal law states:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

The U.S. Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)). The district court has discretion in determining whether to award fees and costs and must exercise its discretion in a manner "faithful to the purposes of awarding fees under § 1447(c)." *Id.* (quoting *Fogerty v.*

9

*Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Those purposes include "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Defendants are ordered to pay just costs and actual expenses, including attorney fees. There is no "objectively reasonable basis" for Defendants' attempted removal. In *Martin v. Franklin Capital*, the Court denied fees and costs because the grounds for removal presented a "close question." *Id.* at 141. In this case, removal is not a close question. Defendants attempted removal violates black-letter law. To summarize: counterclaims cannot form the basis of federal question jurisdiction, RICO claims are subject to the concurrent jurisdiction of state courts, the parties are all North Carolina citizens, therefore, there is no diversity between the parties, and Defendants are both North Carolina citizens and may not remove due to the forum-defendant rule. *See supra* III.A, III.B. None of these holdings are close questions; they are all clearly established law. Moreover, Plaintiffs informed Defendants prior to removal that there was no basis for removing this case. [DE 16-9, DE 16-10, DE 16-11]. Nevertheless, Defendants persisted in removal. Thus, Defendants are ordered to pay the just costs and fees incurred as a result of removal. *See, e.g., Colorado Bankers Life Ins. Co. v. AT Denmark Invs., ApS*, 526 F. Supp. 3d 118, 129 (E.D.N.C. 2021) (awarding costs and fees when "[a] cursory examination of the relevant statutes and binding precedent would have revealed" no basis for removal); *see also North Carolina ex rel. Stein v. Eonsmoke LLC*, 423 F. Supp. 3d 162, 170 (M.D.N.C. 2019) (awarding costs and fees when "[l]ong-established precedent indicates affirmative defenses are not 'substantial federal questions' that confer federal jurisdiction.").

## IV. Conclusion

This court lacks jurisdiction to hear this suit; therefore, Plaintiff's motion to remand is GRANTED. This case is remanded to the Superior Court of North Carolina. The Defendants shall pay just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed to the clerk of the State court. The State court may thereupon proceed with this case.

SO ORDERED this 16th day of December, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE