# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## Case No. 5:21-cv-00240-M

| | |
|---|---|
| TOTAL MERCHANT SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TMS NC, INC. and CHRISTOPHER COLLINS, <br><br> Defendants. | **DECLARATION OF JOSHUA P. GUNNEMANN** |

I, Joshua P. Gunnemann, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1. My name is Joshua Gunnemann. I am over eighteen years of age and have personal knowledge of the facts set forth herein. I am a partner with the law firm of Councill, Gunnemann & Chally, LLC, and I represent Plaintiff Total Merchant Services, LLC in the above-captioned action.

2. Following receipt of the Court's December 16, 2021 Order, our firm calculated the total costs and actual expenses, including attorney fees, incurred by Plaintiff as a result of Defendants' removal of this action to this Court. To calculate the total, we reviewed our own billing statements that had been sent to our client. We summed all fees and expenses reflected on these billing statements that were incurred as a result of the removal. We did not include in our sum billing entries that touched on removal issues but arguably involved other issues in the litigation. Where entries involved multiple issues, we removed entries from our sum that did not relate to removal and conservatively rounded time entries down. We included in our sum a twenty percent courtesy discount for the client. We also omitted work-in-progress entries at the time of the remand order that had not been billed to the client. Finally, we confirmed that our billing

statements correctly reflected the rate we provide this client, which rate is already a substantial discount of our standard rates, even before we apply the courtesy twenty percent discount.

3. Next, we asked for a similar summary from our local counsel, Ellis & Winters LLP, in Raleigh NC. Because I and the other lawyers in my firm are not barred in North Carolina, we are required by the Court's rules to associate with local counsel. Although I conducted spot-checking of local counsel's summary of expenses against their underlying bills, we relied on the accuracy of their own judgment concerning the expenses and fees they reported to us that they incurred in connection with the removal of this action.

4. On December 17, 2021, I sent a letter by email to Defendants' counsel requesting payment of $25,475.93 in expenses and fees incurred as a result of the removal. This requested amount was the sum of the total amount my firm concluded was appropriate to include, using the methodology described, above, plus the amount Ellis & Winters concluded was appropriate to include. I sent the email to Defendants' counsel at nhatcher_law@icloud.com, which is an email address Defendants' counsel had twice previously used to communicate with me. This email address was auto filled by my email software, and I did not notice at the time that this email address differed from the address Defendants' counsel has registered with the Court's electronic filing system. A true and correct copy of the email and letter demand is attached as Exhibit 1.

5. I received no response to my December 17 email letter. On December 28, 2021, I forwarded my December 17, 2021 email, with its attached letter, to Defendants' counsel again. In that email, I noted that we had not received any response to our earlier email. This time, I noticed that we had sent the December 17 email to an alternate email address, which I noted in my email. In addition to attaching my prior correspondence to Defendants, I also attached to my December 28, 2021 email redacted copies of both my firm's and Ellis & Winters's billing records supporting

-2-

Case 5:21-cv-00240-M   Document 36   Filed 01/28/22   Page 2 of 4

the fee request. The bills were redacted to remove attorney-client privileged and confidential financial information. A true and correct copy of my December 28, 2021 email, together with the supporting invoices, is attached as Exhibit 2.

6. I attach as Exhibit 3 a true and correct copy of Defendants' counsel's one-line response to my December 28, 2021 email, stating only: "This is the first time that I am in receipt of this message. Please be advised that I am out of the office on secured leave through January 10, 2022." Taking Defendants' counsel at her word that she had not received the communication—and honoring her statement that she was on secured leave through January 10, 2022—Plaintiff did not push for payment again until January 11, 2022.

7. On January 3, 2022, Defendant Christopher Collins sent an email to his counsel on which he intentionally copied Plaintiff's counsel and in which he directly addressed Plaintiff's counsel. A true and correct copy of Mr. Collins' email is attached as Exhibit 4. We did not respond directly to Mr. Collins's email.

8. On January 11, 2022, having received no substantive response from Defendants' counsel, I forwarded my December 28, 2021 email with all of its supporting attachments to Defendants' counsel and again asked for payment of the requested amounts. A true and correct copy of my forwarding email (with the attachments from the December 28 email removed to avoid duplication in this record) is attached as Exhibit 5.

9. I received no response to my January 11, 2022 email.

10. On January 18, 2022, I sent a further email to Defendants' counsel, reminding Defendants that we had received no response to the three prior requests for payment and stating that Plaintiff would file a motion if no response was received. The next day, Defendants' counsel responded as to the fee issue with the one-line response, "The reasonableness of the attorneys' fees

-3-

Case 5:21-cv-00240-M   Document 36   Filed 01/28/22   Page 3 of 4

the fee request. The bills were redacted to remove attorney-client privileged and confidential financial information. A true and correct copy of my December 28, 2021 email, together with the supporting invoices, is attached as Exhibit 2.

6. I attach as Exhibit 3 a true and correct copy of Defendants' counsel's one-line response to my December 28, 2021 email, stating only: "This is the first time that I am in receipt of this message. Please be advised that I am out of the office on secured leave through January 10, 2022." Taking Defendants' counsel at her word that she had not received the communication—and honoring her statement that she was on secured leave through January 10, 2022—Plaintiff did not push for payment again until January 11, 2022.

7. On January 3, 2022, Defendant Christopher Collins sent an email to his counsel on which he intentionally copied Plaintiff's counsel and in which he directly addressed Plaintiff's counsel. A true and correct copy of Mr. Collins' email is attached as Exhibit 4. We did not respond directly to Mr. Collins's email.

8. On January 11, 2022, having received no substantive response from Defendants' counsel, I forwarded my December 28, 2021 email with all of its supporting attachments to Defendants' counsel and again asked for payment of the requested amounts. A true and correct copy of my forwarding email (with the attachments from the December 28 email removed to avoid duplication in this record) is attached as Exhibit 5.

9. I received no response to my January 11, 2022 email.

10. On January 18, 2022, I sent a further email to Defendants' counsel, reminding Defendants that we had received no response to the three prior requests for payment and stating that Plaintiff would file a motion if no response was received. The next day, Defendants' counsel responded as to the fee issue with the one-line response, "The reasonableness of the attorneys' fees

is in dispute. Accordingly, we will be preparing a Motion of our own." On that same day, I responded that, if Defendants had objections to the fee request, they should raise them with specificity and should meet-and-confer with Plaintiff before motion practice. A true and correct copy of the email exchanges referenced in this paragraph are attached as Exhibit 6. I received no substantive response to my request for additional specificity, although Defendants' counsel did agree to conference.

11. At Plaintiff's insistence, the parties held a conference on January 24, 2022. Both undersigned and local counsel participated for Plaintiffs. I again asked Defendants to identify their specific concerns regarding the fees. Defendants' counsel responded generally that the invoices included duplication of effort and unnecessary work but refused to identify any time entry Defendants challenged. Defendants also refused to identify the total amount at issue and Defendants refused to make payment of any non-objectionable amounts. Defendants' counsel suggested she would provide written objections at some indefinite future time, but said she was not willing to go through those objections in conference. When I said that Defendants' inability to identify specific objections or pay non-objectional amounts would cause motion practice that Plaintiff would prefer to avoid, Defendants' counsel responded, "you will do what you have to do."

12. At no point has counsel for Defendants contacted counsel for Plaintiff to discuss the terms of payment or make arrangement for payment.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON:

　January 28, 2022　
DATE

_____
JOSHUA P. GUNNEMANN
Georgia Bar No. 152250

-4-

Case 5:21-cv-00240-M   Document 36   Filed 01/28/22   Page 4 of 4